[Civ. No. 8130. Third Dist. Aug. 4, 1952.]

LILLIAN E. JUSTICE et al., Appellants, v. OROVILLE-WYANDOTTE IRRIGATION DISTRICT et al., Respondents.

McAllister & Johnson, Walter Frame and Frank H. McAuliffe for Appellants.

Minasian & Steadman for Respondents.

PEEK, J.—This is an appeal by plaintiffs from a judgment in favor of defendants and from an order denying plaintiffs' motion to vacate and set aside the same.

By their action plaintiffs sought to recover damages alleged to have resulted from acts of the defendant district in cleaning and rebuilding a reservoir located on plaintiffs' land. Defendants' answer admits the cleaning of the reservoir and the placing of materials therefrom on appellants' land, but alleges that such work was done with the consent of plaintiffs and in accordance with their agreement as to the manner in which it should be done.

The judgment in question was entered following an oral stipulation therefor which was placed in the record by the

then counsel for plaintiffs. Shortly thereafter plaintiffs moved to set the stipulation aside, averring in their affidavit in support thereof that the stipulation was without their consent; that the judgment entered does not contain the provisions of the stipulation made in court; that certain provisions of the judgment as entered would cause further damage to their land. The affidavit of defendants in opposition thereto sets forth in detail the acts of the parties leading up to the stipulation. It appears from the record before us that said affidavits constituted the only evidence before the court. Since the trial court on the identical record denied the motion we must assume that it resolved all conflicts in favor of defendants and hence we will only refer to those portions of the affidavits in support of the order.

From the affidavit of defendants' counsel it appears that plaintiffs have been represented by various attorneys and that at the request of plaintiffs the cause had been postponed on numerous occasions during the period from November, 1946, when the action was originally filed, and April, 1951, when the parties actually appeared in court. On the last-mentioned date, and after the jury had been sworn in, Mr. E. T. Manwell, the then counsel for plaintiffs, asked for a continuance. In accordance therewith, the cause was continued until May 2, 1951, at which time Manwell stated that the parties had arrived at a compromise and that the jury could be dismissed. Thereupon Manwell dictated, for the record, the stipulated agreement of the parties. Findings were waived and it was agreed that P. J. Minasian, counsel for defendants, should prepare the judgment. Concerning the question of consent it further appears from Minasian's affidavit that when the case was called on April 30th both plaintiffs were sitting next to their attorney at the counsel table, heard the discussion between court and counsel relative to a continuance for the purpose of reaching a compromise; that thereafter counsel for both parties adjourned to Minasian's office and there worked out the stipulation which was later put in the record; that upon completion of the stipulation plaintiffs' counsel took a copy thereof for presentation to plaintiffs and on the following day Manwell informed Minasian that he would call at the latter's office early the next morning in order to work out certain minor changes in the stipulation; that the following morning both counsel met at Minasian's office; that the directors of the defendant district were also in attendance, as was plaintiffs' engineer;

that plaintiffs did not participate in the meeting but remained in their car which was parked near said office; that the parties were unable to reach an agreement and the meeting broke up; that as defendants were leaving the office they were met by plaintiffs and their counsel who stated they had agreed to the stipulation as originally proposed, with certain minor changes; that thereupon the respective parties and their counsel proceeded to the courtroom; that thereafter and while plaintiffs were in said courtroom their attorney dictated into the record the stipulation heretofore referred to; that at no time during the course of this proceeding did either of appellants express any dissatisfaction with the same; that at the conclusion of the hearing Manwell suggested to Minasian that he believed that if defendants would pay plaintiffs the sum of $1,000 plaintiffs would assume responsibility for doing the grading contemplated, thereby relieving the defendant district of the responsibility therefor; that Minasian agreed to so advise his client, stating that if such procedure was approved by all parties the stipulation as dictated into the record could be modified by filing a written amendment thereto; that Manwell agreed that if the same was not satisfactory the original stipulation would stand; that subsequently a letter was written by Minasian to Manwell, wherein it was stated that in accordance with the suggested change the district was willing to pay to plaintiffs the money in question; that if plaintiffs were satisfied would Manwell secure their signatures to the amended stipulation which was inclosed and a check would immediately be forwarded to them; and that the letter concluded with the comment that if counsel encountered ''any difficulty in connection with this stipulation . . . so advise us, we will carry out the terms of the stipulation as set forth in the record of the court . . .''; but that no response was made to this letter nor was the amended stipulation executed. On June 11, 1951, defendants entered judgment based on said stipulation of May 2, 1951, and on June 18, 1951, plaintiffs' petition to have the judgment set aside was filed. The motion was denied on June 25th and the present appeal followed.

It is appellants' contention that nowhere in the record does it affirmatively appear that they consented to the oral stipulation which was placed in the record and since substantial rights of theirs were involved such consent was necessary and hence the stipulation is not binding on them.

We cannot agree with such interpretation of the evidence.

Plaintiffs do not deny the averments of Attorney Minasian's affidavit that they knew of, and participated in, each step of the proceedings which culminated in the oral stipulation which was put in the record. The only allegation to the contrary is that "certain stipulations were made by counsel for both parties which were not agreed to" by plaintiffs; that the judgment as entered "does not contain the provisions of the stipulation made in Court" and that it does not "contain the provisions of the stipulation" attached to their affidavit as Exhibit "A." It would appear that said exhibit was the amended stipulation drafted by defendants' counsel following the appearance of the parties in court on May 2d, but which was never executed. However, nowhere in said affidavit have plaintiffs made any attempt to show wherein the stipulation appearing in the judgment as entered was not the one dictated into the record on May 2d.

Thus the question for determination is not the extent of the authority of Mr. Manwell to bind his clients, but solely whether or not plaintiffs consented to the stipulation. And as to this question the record before us is wholly barren of any showing by plaintiffs of any dissent on their part. To the contrary, the record clearly shows full knowledge of the discussions looking towards a compromise which began with their court appearance on April 30th and ended with their complete acquiescence and consent to the stipulation placed in the record on May 2d.

Under such facts and circumstances it can not be said that the trial court abused its discretion in denying the motion to vacate the judgment.

The judgment and order are affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.